[No. 20207. In Bank. — August 26, 1886.]

THE PEOPLE, RESPONDENT, *v.* J. G. GORDON, APPELLANT.

RAPE — ASSAULT WITH INTENT TO COMMIT — GIRL UNDER TEN YEARS OF AGE — CONSENT. — A conviction of an assault with intent to commit rape upon a girl under ten years of age may be had without showing her want of consent to the assault.

ID. — PRESUMPTION AGAINST CONSENT. — A girl under ten years of age is presumed incapable of consenting to an act of sexual intercourse, or to an assault with intent to commit it.

APPEAL from a judgment of the Superior Court of Solano County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George A. Lamont,* and *John M. Gregory,* for Appellant.

*Attorney-General Marshall,* for Respondent.

McKEE, J.— The appeal in this case is from an order denying a new trial, and a judgment of conviction of assault with intent to commit rape.

The contention made by the appellant is that the court below erred in refusing to instruct the jury,—

"1. To convict the defendant, you must find beyond a reasonable doubt that the assault, if any was committed, was committed by force and against the will, wish, and consent of Annie Jensen. ·

"2. An assault implies force on one side, and repulsion, or at least want of consent, upon the other.

"3. An assault upon a party who consents thereto is a legal absurdity and impossibility.

"4. There is no proof here that an assault was committed, and you must therefore acquit the defendant."

An assault, if actually made with an intent to commit rape, is a felony *per se,* and this because of the mere intent with which it is made. The particular means resorted to in making such assault form no elements of the offense. (*People* v. *Murat,* 45 Cal. 283.) But there must be some evidence tending to show that an assault was actually made.

An assault is defined as an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another. (Pen. Code, sec. 240.)

Such an attempt must be made without the consent of the person against whom it is made. If it be made with his consent, it will not constitute an assault. It is a maxim of the law that one who consents to an act is not wronged by it. (Civ. Code, sec. 3515.) Where, therefore, a person is charged with an assault upon the person of a woman to violate her person, the question of consent is material; there must be some evidence that the act was committed without her consent, and the fact is to be found by the jury upon the evidence of the circumstances in which the act was committed.

But this is not that case. The record shows that an assault was made by the defendant upon the person of a girl under ten years of age. No evidence appears to have been given tending to show that the girl consented or resisted, but it is claimed for the defendant that she consented because she did not resist.

It is, however, a presumption of law that a girl under ten years of age is incapable of consenting to the offense of rape (Pen. Code, sec. 261); and as such an offense includes an attempt to commit it, accompanied by such force and violence upon the person as constitutes an assault, a girl under ten years of age is incapable in law of

consenting to the assault in connection with the attempt to commit the offense. Whether the girl in fact consented or resisted was therefore immaterial. Being incapable of consenting to an act of carnal intercourse, it was criminal for the defendant to make an assault upon her to commit such an act; and the court did not err in giving its instructions to the jury, or in refusing to give those which were asked by the defendant.

The evidence was sufficient to support the verdict.

Judgment and order affirmed.

Morrison, C. J., Ross, J., McKinstry, J., Myrick, J., and Sharpstein, J., concurred.