[No. 21187.   Department One.—March 8, 1895.]

THE   PEOPLE,   RESPONDENT,   v.   FRANK   VERDE-
GREEN, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—CONSENT OF FEMALE UNDER FOURTEEN.—Under the law of this state making a female under the age of fourteen years incapable of consenting to the offense of rape, a girl under that age is incapable in law of consenting to an assault in connection with the intent to commit the offense, and it is immaterial whether the girl in fact consented or resisted.

ID.—OBJECT OF STATUTE.—The purpose of the statute is the protection of society by protecting from violation the virtue of young and unsophisticated girls; and although an assault ordinarily implies force by the

assailant, and resistance by the one assaulted, and one is not, in legal contemplation, injured by the act consented to, these principles have no application to a case where under the law there can be no consent, and the female is to be regarded as resisting, no matter what the state of her mind may be at the time; but in such case the law resists for her.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*P. A. Bergerot,* for Appellant.

There can be no assault with intent to commit rape upon a consenting female, regardless of the fact whether she is under or over fourteen years of age. (*State* v. *Pickett,* 11 Nev. 255; 21 Am. Rep. 754.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

A female under fourteen years of age is incapable of consenting to the offense of rape, and an assault upon such a girl with intention to commit rape is a crime, regardless of whether the girl in fact consented or resisted. (*People* v. *Gordon,* 70 Cal. 467; *Hays* v. *People,* 1 Hill, 352; *People* v. *McDonald,* 9 Mich. 150.)

VAN FLEET, J.—Defendant was convicted of an assault with intent to rape, and was sentenced to a term of years in the state prison. He appeals from the judgment.

1. The evidence disclosed that the object of the alleged assault was a girl of the age of seven years; that she went voluntarily to the room of defendant, and submitted, without resistance, to his advances. Upon this evidence defendant requested the court to charge the jury that: " In an assault with intent to commit rape there must not only be an intent to commit a rape, but that intent must be manifested by an assault upon the person intended to be ravished. The law requires both ingredients, and neither can be dispensed with. An assault implies force upon one side, and repulsion

or want of assent upon the other. An assault upon a consenting female, young or old, is a legal impossibility. Although a child under fourteen years of age is incapable of giving a legal consent, yet if she gives an actual consent, there can be no assault. In a word, a child under fourteen years of age cannot legally consent to rape upon her, yet she may consent to an act with intent to commit it; and such attempt or act, if committed with her consent, is not an assault."

The instruction was refused, and its refusal is assigned as error.

The contention of appellant, in line with the principles announced in his requested instruction, is that there can be no such thing as an *assault* upon a consenting female, regardless of the fact that she may be under the age when she can legally consent to an act of sexual intercourse; that while one may be convicted of rape, or of an attempt to commit it, upon a female under the statutory age, notwithstanding her actual consent, that he cannot, under like circumstances, be guilty of an *assault* to commit rape, because the latter offense implies resistance on the part of the one assaulted.

In this view of the law appellant is unquestionably sustained by very excellent authority. It is so held in *State* v. *Pickett*, 11 Nev. 255, 21 Am. Rep. 754, where the same question was before the court; and a like doctrine is announced in *Smith* v. *State*, 12 Ohio St. 466, 80 Am. Dec. 355, and in some English cases there cited. But such is not the view taken by this court in construing our statute upon the subject. Our code provides: " Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances: 1. Where the female is under the age of fourteen years; 2." etc., enumerating a number of other circumstances under which the offense may be accomplished. (Pen. Code, sec. 261.) And it is further provided that one who assaults another with intent to commit rape is punishable as for

a felony. (Pen. Code, sec. 220.) And it is held that the latter offense is included in the former.

In the case of *People* v. *Gordon*, 70 Cal. 467, the precise question here presented arose. The defendant was convicted of assault with intent to rape, committed upon a girl under ten years of age. The evidence did not disclose whether she consented or resisted, and the defendant contended that she must be held to have consented because she did not resist. This court said: "It is, however, a presumption of law that a girl under ten years of age is incapable of consenting to the offense of rape (Pen. Code, sec. 261); and as such an offense includes an attempt to commit it, accompanied by such force and violence upon the person as constitutes an assault, a girl under ten years of age is incapable in law of consenting to the assault in connection with the attempt to commit the offense. Whether the girl in fact consented or resisted was therefore immaterial. Being incapable of consenting to an act of carnal intercourse, it was criminal for the defendant to make an assault upon her to commit such an act."

It is true that in that case the cases above relied on by appellant do not seem to have been called to the attention of the court, since they are neither cited by counsel nor referred to in the opinion; but we think the doctrine there announced more in accord with the evident purpose and intent of our statute, and that it should be adhered to.

It is the declared policy of our law, as expressed in the statute, that any female under the age there fixed shall be incapable of consenting to the act of sexual intercourse; and that one committing the act with a girl within that age shall be guilty of rape, notwithstanding he obtain her actual consent. The obvious purpose of this is the protection of society by protecting from violation the virtue of young and unsophisticated girls. To hold that one of this class, although incapable of consenting to sexual commerce, could nevertheless give her assent to an assault upon her person, made for the

express purpose of accomplishing the sexual act, would be to largely emasculate the statute, and defeat in great part its beneficent object. It is the insidious approach and vile tampering with their persons that primarily undermines the virtue of young girls, and eventually destroys it; and the prevention of this, as much as the principal act, must undoubtedly have been the intent of the legislature. The incapacity extends to the act and all its incidents.

It is true that an assault implies force by the assailant and resistance by the one assaulted; and that one is not, in legal contemplation, injured by a consensual act. But these principles have no application to a case where under the law there can be no consent. Here the law implies incapacity to give consent, and this implication is conclusive. In such case the female is to be regarded as resisting, no matter what the actual state of her mind may be at the time. The law resists for her.

These principles are in keeping with the construction given to similar statutes in other states. In *Hays* v. *People*, 1 Hill, 352, where the same question was under discussion, Judge Cowan, speaking for the court, said: " The assent of such an infant being void as to the principal crime, it is equally so in respect to the incipient advances of the offender. That the infant assented to or even aided in the prisoner's attempt cannot, therefore, as in the case of an adult, be alleged in his favor any more than if he consummated his purpose." The same construction was adopted by the supreme court of Michigan in *People* v. *McDonald*, 9 Mich. 150.

We think the offered instruction was properly refused.

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.