[Crim. No. 188.   Department One.—October 29, 1896.]

## THE PEOPLE, Respondent, v. JOHN LOURINTZ, Appellant.

Criminal Law—Assault with Intent to Commit Rape—Female under Age of Consent.—A girl under the age of lawful consent is incapable in law of consenting to an assault committed with the intent to have sexual intercourse, and whether she in fact consents to or resists such assault is immaterial.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William T. Wallace, Judge.

An information was filed against defendant charging him with the crime of rape, committed on a female child under the age of fourteen years, she not being his wife, and also charging that he made an assault for that purpose, violently and feloniously.   Defendant was arraigned upon said charge and. pleaded not guilty.   The jury rendered a verdict finding defendant guilty of an assault with intent to commit rape, and he was sentenced to imprisonment in the state prison for the term of ten . years.   That part of the instructions referred to in the opinion which was objected to by counsel for defendant is as follows: "An assault is an unlawful attempt coupled with a present ability to commit a violent injury upon

the person of another. It is not a defense against the charge of rape actually committed upon a child under fourteen years of age, nor against a charge of an assault made with intent to commit a rape upon her, that she was at the time willing to all that was done or attempted; nor is it a defense that the child had before then, if such be the fact, sexual intercourse with other men." Further facts are stated in the opinion of the court.

*E. S. Salomon, L. C. Pistolesi,* and *J. A. Stephens,* for Appellant.

An assault upon a consenting female, old or young, is a contradiction in terms, a legal impossibility; although the child is incapable of giving a legal consent, yet if she gives an actual consent, there can be no assault. (*State* v. *Pickett,* 11 Nev. 256; 21 Am. Rep. 754; *Smith* v. *State,* 12 Ohio St. 466; 80 Am. Dec. 355; *O'Meara* v. *State,* 17 Ohio St. 519; *Whitcher* v. *State,* 2 Wash. 286; *Regina* v. *Read,* 2 Car. & K. 757; 1 Den. C. C. 377, note; *Regina* v. *Martin,* 9 Car. & P. 213; *Regina* v. *Meredith,* 8 Car. & P. 589; 2 Bishop's Criminal Law, sec. 930; 4 Blackstone's Commentaries, 210.)

*W. F. Fitzgerald, Attorney General,* and *W. H. Anderson, Assistant Attorney General,* for Respondent.

The law of this state as to consent was properly stated by the court in the cases of *People* v. *Gordon,* 70 Cal. 467, and *People* v. *Verdegreen,* 106 Cal. 211; 46 Am. St. Rep. 234.

VAN FLEET, J.—The sole question in this case is whether a defendant can be legally convicted of an assault with intent to commit rape upon the person of a female under the age of consent, where the latter in fact consents to the defendant's act.

This same question was before the court in the recent case of *People* v. *Verdegreen,* 106 Cal. 211, 46 Am. St. Rep. 234, where the reasoning and doctrine of the cases now relied upon by defendant was considered and re-

jected, and where it was held (following *People* v. *Gordon,* 70 Cal. 467) that, under our statute, which makes a female under a certain age incapable of consenting to an act of sexual intercourse, and making such act rape regardless of such consent, a girl under that age is equally incapable in law of consenting to an assault committed with the intent to have such intercourse; that whether the girl in fact consents to or resists such an assault is immaterial—in either event the defendant is guilty. It is there said:

"It is the declared policy of our law, as expressed in the statute, that any female under the age there fixed shall be incapable of consenting to the act of sexual intercourse, and that one committing the act with a girl within that age shall be guilty of rape, notwithstanding he obtain her actual consent. The obvious purpose of this is the protection of society by protecting from violation the virtue of young and unsophisticated girls. To hold that one of this class, although incapable of consenting to sexual commerce, could, nevertheless, give her assent to an assault upon her person made for the express purpose of accomplishing the sexual act, would be to largely emasculate the statute, and defeat in great part its beneficent object. It is the insidious approach and vile tampering with their persons that primarily undermines the virtue of young girls, and eventually destroys it; and the prevention of this, as much as the principal act, must undoubtedly have been the intent of the legislature. The incapacity extends to the act and all its incidents."

The evidence in this record clearly makes a case against the defendant within the principles there announced, and the instructions of the court are in exact accord therewith. As we are not disposed to depart from the construction there given our statute, we must hold that the court below did not err in its rulings.

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.