[Crim. No. 608. Department One.—June 23, 1900.]

THE PEOPLE, Respondent, v. D. E. ROACH, Appellant.

129   33
f129 119
129   33
f135 135

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—GIRL UNDER AGE OF CONSENT—FORCE AND CONSENT NOT INVOLVED.—Upon the trial of a defendant accused of an assault with intent to commit rape upon a young girl under the age of legal consent, neither the element of force nor the question of consent has any application. The prosecutrix could not consent, and the law resists for her.

ID.—INTENT OF DEFENDANT, HOW JUDGED.—The intent of the defendant is to be judged by his conduct, and not by the conduct of the prosecutrix.

ID.—EVIDENCE—DECLARATION OF DEFENDANT.—Evidence is admissible to prove a declaration of the defendant made shortly after the assault, which tended to cast some light upon his intent, and which had reference to his encounter with the prosecutrix.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion.

J. B. Curtin, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

CHIPMAN, C.—Information for assault with intent to commit rape. The jury returned a verdict of guilty as charged in the information, and judgment was entered thereon that defendant be imprisoned at Folsom for the term of eight years. The appeal is from the judgment and from the order denying defendant's motion for a new trial.

1. It is contended that the verdict was contrary to the evidence. It appears that the alleged assault was upon a girl under the age of fourteen years and hence under the age of consent.

Defendant claims that the evidence fails to bring the case within the rule laid down in *People v. Fleming,* 94 Cal. 308, where it was said: "The assault must have been made with intent to commit rape notwithstanding all possible resistance that could be made. The intent must have been to perpetrate the crime at all events regardless of what the prosecutrix might or could do to prevent it." In that case the female was of the age of twenty-four years, and force was a necessary element of the crime, and so also was consent a question necessarily involved. In the present case neither the element of force nor the question of consent has any application. The prosecutrix could not consent, and the law resists for her. (*People v. Verdegreen,* 106 Cal. 211.[1]) We must judge of defendant's intent by his conduct and not by that of his victim. There were certain unmentionable acts on his part which clearly showed his intent to have sexual intercourse with the girl, and from all the facts and circumstances we think it sufficiently appeared that his intent was to have carnal intercourse with the girl. If he had succeeded it would have been rape, with or without force and with or without her consent, and it must follow that as his intent was to violate the person of the girl, it constituted an assault with intent to commit rape.

In *People v. Courier,* 79 Mich. 366, the court said: "In cases of this kind it is not necessary that it should be shown, as in

[1] 46 Am. St. Rep. 234.

rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child, and took steps looking toward such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his attempt if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information."

In *State v. Sherman*, 106 Iowa, 684, an instruction was held good that charged that if the defendant asked or caused the child to lie down upon the ground and disarranged her clothing, for the purpose of having intercourse with her, it would constitute an assault, and if in addition the jury should find that it was defendant's intention in so doing to carnally know her, and she was then under the age of consent, and nothing further be shown, the defendant would be guilty of assault with intent to commit rape.

2. It is claimed that the court erred in overruling defendant's objection to the following question, and in refusing to strike out the answer thereto: "Q. What did you hear the defendant say, if anything?" The question related to what defendant said when she returned to the room for her clothing and just after she returned to her own room and was dressing. The answer was: "Well, he said I was a fool; if I had any sense I would stay there and make lots of money, because I was young, and people would naturally take me because I was young." This remark was made to her mother, who, it seems, was a disreputable character and had shown a disposition to help defendant in the accomplishment of his purpose in the early stage of his efforts, for she came into the bedroom while her daughter was struggling with defendant and told her to be quiet; that he wouldn't hurt her, and went out without giving her any assistance. The remark of defendant, now objected to, tended to cast some light on his intent in going to the room and manifestly had reference to the encounter he had just experienced with the girl, and was clearly admissible.

It is advised that the judgment and order be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Harrison, J., McFarland, J.