[Crim. No. 624.   Department Two.—July 9, 1900.]

THE PEOPLE, Respondent, v. MARVIN VANN, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—CONSENT OF GIRL UNDER AGE OF CONSENT.—Upon the trial of a defendant accused of an assault with intent to commit rape upon a girl under the age of consent, the fact that the girl went voluntarily to the room of the defendant by previous appointment, and made no resistance, is immaterial, and can constitute no defense to the charge. The law, in such case, conclusively implies incapacity of the girl to give consent; and the law resists for her, regardless of her actual state of mind at the time.

ID.—EVIDENCE—AGE OF PROSECUTRIX—MEMORANDA—ENTRY IN BIBLE—PHYSICIAN'S CASH-BOOK.—The mother of the prosecutrix, in testifying to her age, may refresh her memory as a witness from an entry made by her in the family Bible shortly after the birth; and the physician who attended at the birth may refresh his memory as a witness from an entry made by him at the time in his cash-book. It is not necessary that such written memoranda should be admissible in evidence.

ID.—ADMINISTERING WINE TO PROSECUTRIX—UNTENABLE OBJECTION TO EVIDENCE.—Evidence is admissible to show that about one hour before the assault the defendant gave wine to the prosecutrix, which she drank. It is not a tenable objection to such evidence that it may tend to prove that defendant administered intoxicating narcotics with intent to prevent the prosecutrix from resisting, and that defendant is not charged therewith in the information.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—REQUEST TO BYSTANDERS—QUESTIONS TO WITNESSES.—Where it appears that the court carefully guarded the rights of the defendant, and that the district attorney did not act through passion or prejudice, or with intent to injure the defendant, it was not prejudicial misconduct for him to request the bystanders to retire while the prosecutrix was testifying, nor to ask objectionable questions to witnesses, which could not have injured the defendant.

APPEAL from a judgment of the Superior Court of Colusa County and from an order denying a new trial. H. M. Albery, Judge.

The facts are stated in the opinion.

Milton Shepardson, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—Defendant was convicted of an assault with intent to commit rape. He appeals from the judgment and from an order denying his motion for a new trial.

The evidence shows that the person upon whom the alleged assault was made was a girl under sixteen years of age; that she went voluntarily to the room of defendant by previous appointment, and made no resistance.

1. It is claimed that the verdict is contrary to the evidence. The argument is, that although under the statute a girl under the age of sixteen is incapable of consenting to the crime of rape, yet if she consents to the attempt it is no assault, because an assault implies that the party assaulted was not soliciting but resisting the assault. This question has been decided as contended for by defendant by several decisions of able courts. It has also been held by many decisions of the highest courts of the states that where the female under the law is incapable of consenting to rape she is equally incapable of consenting to an attempt to commit it. The latter view has been adopted in this state. (*People v. Gordon,* 70 Cal. 467; *People v. Verdegreen,* 106 Cal. 211; *People v. Gomez,* 118 Cal. 327; *People v. Roach, ante,* p. 33.) The rule is well stated in *People v. Verdegreen, supra,* where it is said: "It is true that an assault implies force by the assailant and resistance by the one assaulted; and that one is not, in legal contemplation, injured by a consensual act. But these principles have no application to a case where under the law there can be no consent. Here the law implies incapacity to give consent, and this implication is conclusive. In such case the female is to be regarded as resisting, no matter what the actual state of her mind may be at the time. The law resists for her."

2. It is claimed that the court under defendant's objection admitted in evidence an entry in the family Bible for the purpose of proving the age of the person assaulted, and that such ruling was error. Upon a careful examination of the record we do not find that the family Bible or any entry therein was admitted in evidence. The mother of the girl testified that her daughter was born on the second day of August, 1884, and that on the fifteenth day of October, 1899, she was fifteen years and three months old. She was then asked if at the time of the

birth of her daughter she made any data or memoranda, and answered: "Yes, sir; shortly after Neva was born, as soon as convenient, I made an entry, in my own handwriting, in the family Bible."

"Q. And your testimony as to the time of her birth is from the memoranda which you made at the time in the Bible? A. Yes, sir.

"Q. And your memory is, that this is also your recollection, from the facts as you have already testified, and from the fact that you made this memoranda at the time? A. Yes, sir."

These questions were objected to by defendant upon the ground that "no sufficient foundation had been laid and as hearsay."

We think the witness only referred to the entry to refresh her memory. Neither the Bible nor the entry was offered or received in evidence. No objection was made as to the time of the entry, nor that it was not in the handwriting of the witness.

A witness may refresh his memory by a written entry or memorandum made at the time, and it is not necessary that the writing itself be admissible in evidence. (1 Greenleaf on Evidence, sec. 436; *People v. Le Roy*, 65 Cal. 613.)

The case of *People v. Mayne*, 118 Cal. 517,[1] is not in conflict with the views herein expressed. In that case the Bible was admitted in evidence under defendant's objection. It is said in the opinion: "It was not competent for the prosecution to introduce as a piece of substantive evidence in support of this' issue her written declaration made several years previously."

For the reasons above stated it was not error to allow Dr. Gray to refresh his memory as to the date of the birth of the girl by an entry in his cash-book August 2, 1884. He stated that he attended the mother at the birth of the child, and that he made the entry at the time in his cash-book, and that by the entry he knew the date to be August 2, 1884.

3. The court, under defendant's objection, allowed evidence showing that defendant, in company with the prosecutrix, and another young girl of about seventeen and a young man in company with her, were in the parlor of the Farmers' Hotel in the

---

[1] 62 Am. St. Rep. 256.

town of Colusa on the day of, and about an hour before, the assault. That while there the four were engaged in drinking and did drink wine. That defendant went downstairs to the bar-room of the hotel and brought up the drinks to the party. Defendant's counsel contends that this was evidence tending to prove that defendant administered intoxicating narcotics with intent to prevent the prosecutrix from resisting, under subdivision 4 of section 261 of the Penal Code, and that he is not charged with any such acts. He puts the proposition in this form: "Where a defendant is charged with rape under subdivision 1 of section 261 of the Penal Code, is evidence that the crime of rape was committed by him under subdivisions 2, 3, 4, 5, and 6 admissible to prove the charge?"

The proposition has been squarely passed upon and answered in the affirmative by this court in *People v. Snyder,* 75 Cal. 324, where it is said: "We think the true construction of section 261 to be that thereby the legislature meant merely to put beyond doubt the rule that on an information for rape the things mentioned in the subdivisions could be proven, and would establish the crime. It is not intended to alter or establish a rule of pleading, or to create six different kinds of crime." Under the decision in the above case the evidence was properly admitted.

4. It is claimed that the conduct of the district attorney in making certain statements and repeating certain questions was error. We have examined all the matters alleged to be error in this regard, and find therein nothing which would warrant us in reversing the case. One of the matters most strongly urged to be error is that when the prosecutrix was called as a witness the district attorney asked the defendant to consent to an order of court that all bystanders be excluded from the courtroom. The defendant refused to give his consent, and the order was not made. The district attorney then said: "I will ask all bystanders, then, in the name of common decency, if they have daughters or sisters of their own, to absent themselves from the courtroom during the testimony of this little girl."

The defendant, without objecting to the statement or asking to strike out the request, saved an exception thereto. The judge

remarked: "It is improper for the district attorney to make this demand."

We do not think the request could have injured the defendant. It was not the statement of any fact not in evidence, nor was it any statement as to the character or motives of defendant. It does not appear to have been made through any passion or prejudice, or with intent to injure defendant. One Turman, who appears to have been one of the parties engaged in drinking in the parlor of the hotel, was near the hotel, and went upstairs just after the marshal and other parties went to the room of defendant.

The witness Anderson, who was with the marshal, testified that they met Turman ten or twelve feet from the room, and that Turman asked the witness what he thought about it. The following questions were then asked of the witness by the district attorney:

"Q. Did you see anything of Turman after he went down the back stairs of the Bond building?

"Q. Now, during the time that Scoggins went down after the keys and was gone, what did Turman do?"

The court sustained defendant's objections to both these questions. The district attorney then said: "I will ask the court directly and take a square ruling on it. It seems to me it is a part of the *res gestae* and ought to be admitted."

The Court: "I will allow it." Defendant excepts. "Q. I will ask you whether or not it is true that Turman rushed down the back stairs, and commenced throwing up sticks against the window to notify this man to get out of there?"

The question was objected to by defendant as irrelevant and leading, and the objection sustained. The ruling of the court was evidently correct. We cannot perceive how the asking of the question by the district attorney could have injured defendant. If the question was asked for the purpose of having the jury believe that Turman did try to notify defendant to get out of the room, and if the jury did believe it, from the mere asking the question, it could not have injured defendant. The district attorney asked permission of the court to ask the question. No motion was made to strike it out. It does not appear that the district attorney was acting in bad faith, or that he

by insinuation endeavored to get facts before the jury that in his opinion he could not prove. The defendant appears to have been treated fairly by the district attorney. The court so carefully guarded his rights that few errors are seriously urged.

The judgment and order should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.