[Crim. No. 1653. In Bank.—August 8, 1911.]

## THE PEOPLE, Respondent, v. O. F. BABCOCK, Appellant.

CRIMINAL LAW—RAPE—FEMALE UNDER AGE OF CONSENT—ABSENCE OF FORCE.—Neither force nor violence is essential to the commission of the crime of rape, upon a female under the age of sixteen years, and it is immaterial that the act of sexual intercourse was with her full consent. The offense of assault with intent to commit rape is included in such a charge of rape.

ID.—ASSAULT WITH INTENT TO COMMIT RAPE—ELEMENTS OF OFFENSE.— One who lays his hands upon such a female, with the intent and for the purpose, then and there to accomplish an act of sexual intercourse with her, is by so doing guilty of an assault with intent to commit rape, even though he does not use or intend in any event to use any force or violence, and the female in fact offers no resistance whatever, or even expressly consents to all he does. The offense is complete when he has thus laid his hands upon her with the intention of then and there accomplishing such purpose, and it is entirely immaterial that he subsequently voluntarily desists, without accomplishing his purpose.

ID.—CONFLICT OF EVIDENCE.—Where the evidence is conflicting as to whether or not the female was of the age of sixteen years at the time of such assault, the determination of that question is for the jury and the trial court.

Id.—Age of Prosecutrix—Hearsay Evidence—Absence of Foundation for Impeachment.—A witness for the defense cannot testify to the age of the girl assaulted as compared with the age of her own daughter, when it appears that her only knowledge on that question was such as she had acquired by reason of a statement of the girl's mother, as to her age, made in a casual conversation about the two girls, there having been no foundation laid for any impeachment of the mother, who had previously testified for the prosecution that the girl was over the age of sixteen years.

Id.—Evidence of Comparative Appearance of Prosecutrix at Different Times.—It was not error to sustain objections to questions asked by the defense as to the appearance of the prosecutrix· on the day of the trial as compared with her appearance on the day of the assault, so far as age was concerned, and as to whether she dressed differently on those occasions, where no attempt was made by the defense at the time of the ruling, to acquaint the trial court with the precise object of the questions.

Id.—Instructions—Use of Word "Child."—After the trial court had clearly and definitely instructed the jury that it was for them to determine the question of the age of the prosecutrix, and to acquit the defendant if they had a reasonable doubt that she was under the age of sixteen years, the use of the words "child in question" in an isolated instruction involving a definition of the crime of assault with intent to commit rape, cannot be construed as an intimation by the judge that he was of the opinion that she was under the age of sixteen years, or warrant the inference that the jury so understood it.

Id.—Failure to Produce Record of Birth—Misconduct of District Attorney—False Statement Deemed Unprejudicial.—Where the record on appeal fails to affirmatively show that there was any official county record of the date of the birth of the prosecutrix showing anything concerning her age inconsistent with the evidence of the witnesses for the prosecution on that question, and neither party claimed on the trial or on the motion for a new trial, that such a record was in existence, it will be assumed on appeal that there was no such record. Consequently, an erroneous statement by the district attorney in his argument to the jury, in explanation of his omission to offer such record at the trial, that the law, at the time of the birth of the prosecutrix, did not require the keeping of a record of births, will be deemed to have been without prejudice.

Id.—Request for Instruction to Disregard Improper Statement—Appeal.—An improper statement made by the district attorney in his argument to the jury cannot avail the defendant on appeal, unless in addition to excepting to the statement at the time, he requests the court to instruct the jury that it is improper and to disregard it.

Id.—Statements by Bailiff During Trial—Opinion of Defendant's Guilt—Misconduct without Prejudice.—Statements made by the bailiff of the court, during the progress of the trial, expressive of his

opinion that the defendant was guilty, which did not appear to have been made within the presence or hearing, or to have come to the knowledge of any juror, although reprehensible, will be deemed to have been without prejudice to the defendant.

ID.—PLACING JURY IN CHARGE OF DISQUALIFIED BAILIFF.—The fact that the court placed the jury in charge of such bailiff during a recess in the arguments, and when it retired to deliberate on its verdict, will not warrant a reversal of the judgment of conviction, there being nothing to show that the defendant on either of such occasions made any showing of fact tending to prove that the bailiff had expressed any opinion relative to the defendant's guilt, or that the fact of disqualification had in any way been brought to the attention of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

D. K. Trask, and Edward A. Regan, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was informed against for the crime of rape, alleged to have been committed upon a female under the age of sixteen years, and upon his trial under such information was convicted of the crime of "assault with intent to commit the crime of rape." From the judgment of imprisonment pronounced on said conviction and from an order denying his motion for a new trial, he appealed to the district court of appeal, and such appeals have been regularly transferred to this court for hearing and determination.

The particular kind of rape charged by the information was that defined by subdivision 1 of section 261 of the Penal Code, as follows: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, . . . 1. Where the female is under the age of sixteen years." It is not disputed, of course, that in such a case, neither force nor violence is essential to the commission of the crime of rape, or that it is immaterial that the act of sexual intercourse was with the full consent of the female. She is below the age of consent, and, as it has been put, "the law resists for her."

(*People* v. *Roach,* 129 Cal. 34, [61 Pac. 574].) In view of this well-established rule, it is now so firmly settled in this state as to be no longer open to question, that one who lays his hands upon such a female, with the intent and for the purpose, then and there, to accomplish an act of sexual intercourse with her, is by so doing guilty of an assault with intent to commit rape, even though he does not use or intend in any event to use any force or violence, and the female in fact offers no resistance whatever, or even expressly consents to all he does. The offense is complete when he has thus laid his hands upon her with the intention of then and there accomplishing such purpose, and it is entirely immaterial that he subsequently voluntarily desists, without accomplishing his purpose. As said in *People* v. *Courier,* 79 Mich. 366, [44 N. W. 571], quoted approvingly in *People* v. *Roach,* 129 Cal. 34, [61 Pac. 574]: "In cases of this kind it is not necessary that it shall be shown, . . . that the accused intended to gratify his passion in all events. If he intended to have sexual intercourse with the child, and took steps looking toward such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his attempt if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information." The following cases in this state support the conclusions we have stated: *People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842]; *People* v. *Vann,* 129 Cal. 118, [61 Pac. 776]; *People* v. *Roach,* 129 Cal. 33, [61 Pac. 574]; *People* v. *Gomez,* 118 Cal. 326, [50 Pac. 427]; *People* v. *Lourintz,* 114 Cal. 628, [46 Pac. 613]; *People* v. *Verdegreen,* 106 Cal. 211, [46 Am. St. Rep. 234, 39 Pac. 607]; *People* v. *Gordon,* 70 Cal. 467. The rule enunciated in such cases as *People* v. *Fleming,* 94 Cal. 308, [29 Pac. 647], is not applicable where the female is under the age of consent. It necessarily follows that the offense of assault with intent to commit rape is included in such a charge of rape as was made by the information in this case. The case of *People* v. *Allen,* 144 Cal. 298, [77 Pac. 948], is in no way in conflict with what we have said. The affirmance of the refusal in that case to give an instruction that the jury might convict the defendant charged with rape of the lesser offense of assault with intent to commit rape, was clearly based upon the assumption that the

evidence in that particular case was of such a nature that the only possible conclusion was that he was either guilty of rape or not guilty of any offense, just as in certain cases a refusal to instruct as to manslaughter where the information charged murder has been upheld.

It follows from what we have said that, according to the defendant's own testimony, as given on his trial, he was guilty of an assault with intent to commit rape, provided the female was, at the time of the occurrence, under the age of sixteen years. The testimony of the witnesses for the people tended to show that he fully accomplished an act of sexual intercourse with her. His own testimony was that the act was not accomplished. But he admitted that following a conversation between them a few hours before, she came to his office on the day named in the information, ostensibly with the view of securing employment, and remained there several hours, during which each of them had four or five drinks of apricot brandy; that finally, with the intent to then and there have sexual intercourse with her and for that purpose alone, he laid his hands upon her, and was proceeding to accomplish the act, when, by reason of the apparent illness of the girl, due to the excessive drinking of the brandy, he voluntarily desisted. Thus, according to his own testimony, he was guilty of assault with intent to commit rape, if the girl was then under sixteen years of age, and this is the offense of which he was convicted by the jury.

It thus appears that the only material question of fact in the case as to which there was any dispute was whether the girl was under the age of sixteen years at the time of the occurrence, which was November 20, 1909. The evidence introduced by the district attorney on this question was to the effect that she was born in San Diego County, California, on February 6, 1894. The evidence to this effect was given by the girl herself, her mother, her grandmother, and the nurse who attended her mother at her confinement. The testimony of the nurse was fortified by a written memorandum which she said she had made at the time. The evidence introduced by defendant on this point consisted of the testimony of three witnesses to the effect that, in casual conversations had at times shortly preceding November 20, 1909, the girl's mother had said that the girl was sixteen years old,

and the testimony of one witness to the effect that the girl had told her that she was five or six months younger than the witness, which would have made her sixteen at the time of the occurrence. Whatever conflict in the evidence was created by this testimony was, of course, purely a question for the jury and the trial court, for it is clear that the evidence was amply sufficient to support the conclusion that the girl was under the age of sixteen years on November 20, 1909.

A careful examination of the record develops no prejudicial error in the rulings of the court in the matter of the admission or exclusion of evidence material to the issue of the age of the girl. Mrs. Spaulding, an acquaintance of the girl and her mother for a few months only preceding the occurrence, was asked how the age of the girl compared with that of her own daughter, who was sixteen on March 15, 1909. It was apparent from her testimony that her only knowledge on that question was such as she may have acquired by reason of a statement of the girl's mother, as to the girl's age, made in a casual conversation about the two girls. No foundation for any impeachment of the mother by Mrs. Spaulding had been laid. The purposed evidence of Mrs. Spaulding was thus inadmissible for any purpose, and the trial court did not err in striking out what she had already said in attempting to answer the question. Wherever the proper foundation had been laid for the impeachment of the mother on the question of her daughter's age by showing inconsistent statements, the trial judge allowed proof of the statements claimed to be inconsistent. Another witness who knew the girl prior to and on November 20, 1909, was asked by defendant's attorney how the girl appeared at the trial as compared with her appearance on and before November 20, 1909, so far as age was concerned, and also whether she was dressed differently on the trial from the way she dressed on and before November 20, 1909. Objections to these questions were sustained. The object of the proposed evidence was not stated to the trial court, and no statement was made as to the nature of the answers expected. Defendant's counsel simply asked the questions at the end of a long examination in no way touching the question of age, made no statement, in the face of the objection of immateriality and incompetency, as to what he expected to prove, and accepted the rulings of the court

without comment. It is clear that answers to these questions
would not necessarily have shown a condition of affairs mate-
rial to any issue in the case. It was not suggested to the
court that any change had been made in the appearance of
the girl for the purpose of making her appear younger to
the jury than she really was, or that would have such effect.
We think that it was encumbent on defendant, under the
circumstances, to acquaint the trial court with the precise
object of the questions, and that in the absence of such state-
ment on his part the court was justified in sustaining the
objections. (See *Spinks* v. *Clark*, 147 Cal. 453, 82 Pac. 45].)
There is certainly nothing in the record to indicate that the
proposed proof was of the slightest importance to the defend-
ant. While the girl was on the witness stand, she testified that
she was not wearing her hair exactly as she did on Novem-
ber 20, 1909, but that she was wearing it "very similar." She
said that she had no objection to dressing it as it was on
that day, but the trial court refused to instruct her to do so,
although requested by defendant's counsel to make such direc-
tion. There was no intimation by anybody that the hair was
dressed at the time of the trial in such a manner as to make
the girl appear younger than she, in fact, was, or that any
change had been made in the method of dressing her hair
for the purpose of producing that effect. The mere fact that
she was wearing it at the time of the trial in a slightly dif-
ferent way from that used by her on and before November
20, 1909, was of no importance.

The trial court clearly and definitely instructed the jury
that it was for them to determine the question of the age
of the female upon whom the offense was alleged to have been
committed, and that if they had a reasonable doubt as to
whether or not at the time of the alleged intercourse, the
female was under the age of sixteen years, they must give the
defendant the benefit of such doubt and find him not guilty;
even though satisfied that he had sexual intercourse with her.
It is claimed, however, that by the use of the words "child in
question" in another instruction on the offense of assault with
intent to commit rape, the trial judge intimated to the jury
that he believed the girl was under sixteen years of age at the
time of the occurrence. The sole object of this instruction was
to inform the jury that the offense of assault with intent to

commit rape was included in the charge of rape and of the elements essential to constitute such offense. There is to our minds, nothing in this instruction, especially when considered in connection with the other instructions given, indicating that the term "child in question" was used by the judge or could have been understood by the jury to have been used by the judge as an expression or intimation of his opinion as to whether the girl was under the age of sixteen years. The charge clearly left that question of fact solely to the jury, unembarrassed by even the slightest intimation of opinion on the part of the trial judge.

Complaint is made that the district attorney was guilty of prejudicial misconduct in his closing argument. He said, apparently in reply to a claim made by defendant's attorney in argument that the prosecution had not shown the age of the girl by producing a copy of the record of births in San Diego County: "How foolish for counsel to stand here and ask why we did not bring the records from San Diego County. Well, gentlemen, every man is supposed to know the law, and that the law requiring registration of births was not in force at the time this girl was born, and, therefore there is no official record of any one who was born fifteen years ago, except it is in the churches and family bibles." Counsel for defendant noted an exception to the remarks of the district attorney, saying "There is no evidence of any such fact." The district attorney's statement was not correct. There was a law in force at the time of the girl's birth, requiring physicians and professional midwives to keep a registry of the time of each birth at which they assist professionally, and to quarterly file with the county recorder a certified copy of their register. (Pol. Code, secs. 3075 and 3077, as they then stood.) Whether this law had been followed in the case of this girl, and consequently, whether there was any official record in her case, did not affirmatively appear, but it is reasonable to assume that if such a record existed in regard to this girl, showing anything in regard to her date of birth that would assist defendant, it being as available to defendant as it was to the people, such record would have been produced by defendant. There was no pretense on the trial, or on the motion for a new trial or on this appeal, that there was, in fact, any official record in San Diego County showing anything inconsistent with the testi-

mony of the witnesses for the prosecution as to the date of the
birth of the girl. Under the circumstances, an appellate court
should assume that there was no such record, and this being
so it is impossible to see how defendant could have been preju-
diced by the statement of the district attorney. Furthermore,
defendant is in no position to avail himself of the claim of
misconduct of the district attorney in this matter. He in no
way invoked any action on the part of the trial court to obviate
the effect of the statement, and the statement was of such a
nature that any improper effect could have been avoided. He
simply noted an exception to the remarks of the district at-
torney, as was the case in *People* v. *Sherer,* 133 Cal. 159, [65
Pac. 295], where the district attorney made an improper
statement. This court said: "This was improper, but its
effect would have been removed if the defendant had asked
the court to instruct the jury that it was improper, and to dis-
regard it. He did not invoke the action of the court, but con-
tented himself with excepting to the remarks of the district
attorney," and the judgment was affirmed. There is no other
specification of misconduct on the part of the district attorney
that, in view of the circumstances of this case, requires notice.

On the motion for a new trial defendant presented several
affidavits to the effect that, during the progress of the trial,
and before the case was given to the jury, the bailiff of the
court had expressed to various persons his opinion that the de-
fendant was guilty of the offense charged. The jury was not
in the custody of an officer during the progress of the trial,
except during a recess for dinner just prior to the closing
argument of the district attorney, and again when it retired
to deliberate upon the verdict. This bailiff was the officer who
had charge of the jury at such times. It was not made to
appear that any of these statements of the bailiff was made
within the presence or hearing of any juror, or came to the
knowledge of any juror, and the bailiff's affidavit negatived
any such condition. The trial court was amply warranted in
concluding that no juror heard or knew of any statement made
by the bailiff in this behalf. It follows that, however much we
may condemn the action of the bailiff, it must be assumed here,
in accord with the conclusion of the trial court, that no juror
had any knowledge of the opinion so expressed, and that con-
sequently defendant could not have been injured thereby.

CLX Cal.—35

Complaint is also made in this connection that the court erred in placing the jury in charge of this bailiff during the recess already referred to and when it retired to deliberate upon its verdict. A complete answer to this claim is that the record does not show that defendant on either occasion made any showing of fact tending to prove that the bailiff had expressed any opinion relative to his guilt, or that the fact of disqualification had in any way been brought to the attention of the trial court. There was a mere charge that he had expressed such opinion, and no evidence whatever was offered in support thereof. The trial court did not err in refusing to sustain the charge in the absence of some showing to support it. The case of *People* v. *Fellows,* 122 Cal. 238, [54 Pac. 830], is, therefore, not in point.

There was no such showing of newly discovered evidence as to compel the granting of a new trial on that ground. In fact, the showing was of such a nature that we do not see how the trial court could well have held that there should be a new trial on account thereof.

What we have said disposes of all the points we deem it necessary to discuss. It is apparent from the record that defendant has had a fair and impartial trial upon the merits, and we can perceive no ground upon which an appellate court may properly reverse the judgment of the trial court or its order denying a new trial.

The judgment and order denying a new trial are affirmed.

Shaw, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.

MELVIN, J., dissenting.—I dissent. I think that the flagrant misconduct of the district attorney deprived the defendant of a fair trial. Counsel for defendant in his argument asked why the prosecution had not produced the record of births from San Diego County, and invoked the presumption that "higher evidence would be adverse from inferior being produced." (Code Civ. Proc., sec. 1963, subd. 6.) This he had the right to do, and the argument was most appropriate, for I regard record evidence of a birth higher than the mere recollection of a witness. In answer to this argument the district attorney was permitted by the court to declare that at the alleged date of the birth of the prosecutrix there was no

law requiring the registration of births. In this the district attorney was mistaken, but the court ratified the mistake by failing to notice the objection of defendant's counsel. Therefore the defendant was deprived of the benefit of the presumption, which very probably would have turned the scales in his favor. That the jurors did not believe the girl's testimony is evident from the fact that they did not find in accordance with her story that an act of sexual intercourse had been committed. They did believe defendant's account of the happenings in his office. The only question left for them to determine was the age of the girl. There was evidence strongly tending to contradict the girl's mother, and the prosecutrix herself, in that it showed, if believed, statements by them made prior to the trial, that the girl was more than sixteen years of age. The production of the record would have been, therefore, very illuminating to the jury, and the failure to produce it would have probably convinced the jurors that it would fail to corroborate the witnesses for the prosecution. The jurors would have been justified in such a conclusion as a result of the presumption above stated. In this condition of the case the district attorney threw the weight of his official dignity into an erroneous explanation of his failure to produce the record. That the incident deprived the defendant of a clear right to the benefit of the presumption can scarcely be doubted, and that the error was most harmful to him seems to me to be absolutely certain.

I think the judgment should be reversed.

Rehearing denied.