STATE, Respondent, v. JOE GARNEY, Appellant.

[265 Pac. 668.]

CRIMINAL LAW—RAPE—FEMALE UNDER AGE OF CONSENT—CONVICTION OF LESSER OFFENSE — CORROBORATION — "CONFESSION" — "ADMISSION"—LEADING QUESTIONS—PROOF OF OTHER OFFENSES.

1. Conviction of assault with intent to rape female under eighteen years of age may, in view of C. S., sec. 8997, be had, in prosecution for statutory rape under sec. 8262, in absence of allegations of force or violence in the information, since prosecutrix cannot give her consent.

2. In prosecution for statutory rape, statement of defendant to sheriff that he wanted to plead guilty, introduced to corroborate prosecutrix, held admissible as an admission without showing it was voluntarily made, difference between a "confession" and "admission" being that a "confession" is an outright acknowledgment in express terms that maker thereof is guilty, while an "admission" is a statement from which guilt may be inferred.

Points Decided.

3. Rule requiring a showing that a confession was voluntary and without promise of immunity or reward does not apply to admissions.

4. Since under C. S., sec. 8032, trial court may within its sound discretion, under special circumstances, permit prosecuting attorney to ask leading questions, his rulings thereon will not be disturbed, in absence of abuse of discretion.

5. In prosecution under C. S., sec. 8262, for statutory rape, on female under eighteen years of age, refusal to instruct that defendant might be found guilty of simple assault *held* error.

6. In prosecution for statutory rape, evidence of conversation between prosecutrix and her aunt, three weeks after alleged offense, in which prosecutrix admitted having sexual intercourse with defendant, was inadmissible, fact that information was elicited from witness by leading questions not removing objectionable features of evidence.

7. In rape prosecutions, it may be shown that prosecutrix made complaint of outrage soon after its commission, but details of conversation and name of person accused are inadmissible.

8. In prosecution for statutory rape, testimony of witness of alleged assault by defendant on her, not linked with offense for which defendant was on trial, was inadmissible and prejudicial.

9. When a man is put on trial for one offense, he is to be convicted, if at all, on evidence showing him guilty of that offense alone, and ordinarily proof of his guilt of other offenses, not connected with offense charged, must be excluded.

Publisher's Note.

1. See 22 R. C. L. 1188, 1196.

2. See 1 R. C. L. 472.

4. Permitting leading questions as matter within discretion of trial court, see note in 17 Ann. Cas. 840. See, also, 22 R. C. L. 1229; 28 R. C. L. 589–592.

See 7 R. C. L. 1213.

8. Admissibility of evidence of other offenses in prosecution for rape, see notes in 4 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164; 62 L. R. A. 314, 322, 329; 48 L. R. A., N. S., 236. See, also, 22 R. C. L. 1204, 1205.

9. See 8 R. C. L. 198.

Criminal Law, 16 C. J., sec. 1132, p. 586, n. 98; sec. 1194, p. 610, n. 17; sec. 1247, p. 629, n. 20; 17 C. J., sec. 3656, p. 311, n. 22.

Rape, 33 Cyc., p. 1444, n. 29, p. 1462, n. 61, p. 1464, n. 67, p. 1503, n. 20.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. C. J. Taylor, Judge.

Conviction of assault with intent to commit rape. *Reversed and remanded.*

.W. A. Ricks, for Appellant.

A charge of statutory rape does not include the offense of assault with intent to commit rape in the absence of essential allegations in the information. (*People v. Akens,* 25 Cal. App. 373, 143 Pac. 795; *State v. Pickett,* 11 Nev. 255, 21 Am. Rep. 754; *In re McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813.)

Details of alleged rape and name of person charged are not admissible, though complaint of prosecutrix is admissible. (*State v. Fowler,* 13 Ida. 317, 89 Pac. 757; *People v. Cappaala,* 324 Ill. 11, 154 N. E. 451; *Stevens v. People,* 158 Ill. 111, 41 N. E. 856; *State v. Matson,* 120 Or. 666, 253 Pac. 527.)

The defendant cannot be convicted on the uncorroborated testimony of the prosecutrix. (*State v. Larsen,* 44 Ida. 270, 256 Pac. 107; *State v. Short,* 39 Ida. 446, 228 Pac. 274; *State v. Hines,* 43 Ida. 713, 254 Pac. 217.)

Evidence of commission of accused of offense similar to that charged is not admissible to prove offense charged. (*State v. Wheeler,* 41 Ida. 212, 238 Pac. 312; *Paine v. United States,* 7 Fed. (2d) 263; *Davis v. State,* 213 Ala. 541, 105 So. 677; *People v. Goldman,* 318 Ill. 77, 41 A. L. R. 461, 148 N. E. 873; *Abbott v. State,* 113 Neb. 517, 204 N. W. 74, 206 N. W. 153; *State v. Fowler, supra.*)

Confessions are competent evidence only when they are voluntarily made. (*People v. Fox,* 319 Ill. 606, 150 N. E. 347; *People v. Sweeney,* 304 Ill. 502, 136 N. E. 687; *People v. Ziderowski,* 325 Ill. 232, 156 N. E. 274; *State v. Mason,* 4 Ida. 63, 43 Pac. 63.)

Simple assault is included in the crime of assault with intent to commit rape. (*Meade v. Commonwealth,* 214 Ky.

88, 282 S. W. 781; *Tayrien v. State* (Okl. Cr.), 242 Pac. 1061; *Teagarden·v. State* (Okl. Cr.), 244 Pac. 63; *Maddox v. State* (Okl. Cr.), 254 Pac. 753; *Adams v. Commonwealth,* 219 Ky. 711, 294 S. W. 151.)

The rule requiring corroboration applies to rape, attempt to commit rape and assault with intent to commit rape. There is absolutely no reason why the rule in the case of *State v. Hines, supra,* requiring corroboration, should not be applied to cases of assault with intent to commit rape.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

A charge of statutory rape included the offense of assault with intent to commit rape. (22 R. C. L. 1233; 33 Cyc. 1434; *People v. Babcock,* 160 Cal. 537, 117 Pac. 549; *People v. Verdegreen,* 106 Cal. 211, 46 Am. St. 234, 39 Pac. 607; *State v. McLeavy,* 157 Minn. 408, 196 N. W. 645; *Pittman v. State,* 8 Okl. Cr. 58, 126 Pac. 696; *State v. Blythe,* 20 Utah, 378, 58 Pac. 1108; *Snyder v. State,* 92 Ohio St. 167, 110 N. E. 644.)

Where a female is under the age of consent there may be an assault to commit rape notwithstanding her actual consent. It is not necessary to allege in the information that force was used where the female assaulted with intent to commit rape was under the age of consent. (*People v. Parker,* 74 Cal. App. 540, 241 Pac. 401; *Gordon v. State,* 177 Ind. 689, 98 N. E. 627.)

The prosecutrix need not be corroborated in a case of assault with intent to commit rape. (*Fields v. State,* 2 Ga. App. 41, 58 S. E. 327; *Duckett v. State,* 68 Tex. Cr. 331, 150 S. W. 1177; *People v. Norrington,* 55 Cal. App. 103, 202 Pac. 932.)

The question of whether or not leading questions are permissible in the trial of a case rests primarily within the discretion of the trial court. (*State v. Simes,* 12 Ida. 310, 9 Ann. Cas. 1216, 85 Pac. 914; *McLean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478.)

BUDGE, J.—Appellant was charged with the crime of rape, committed upon a female under the age of eighteen years, and convicted of assault with intent to commit rape. He prosecutes this appeal from the judgment of conviction and from an order overruling a motion for new trial.

[1] It is contended that upon a charge of rape, a conviction of assault with intent to commit rape cannot be had in the absence of allegations of force or violence in the information. Under the statute defining rape in this state (C. S., sec. 8262) it is immaterial, in a case where the female is under the age of eighteen years, whether the act be accomplished by force or violence; she cannot give her consent, and the law resists for her. It seems entirely consistent, therefore, to hold that, if the crime of assault with intent to commit rape is an offense included within the crime of rape, and we are of opinion that it is, there is no necessity of charging the commission of the higher crime, against a female under the age of eighteen years, with force or violence, in order to permit the jury to find the defendant guilty of the lesser offense. (C. S., sec. 8997.) The rule is stated in *State v. Blythe,* 20 Utah, 378, 58 Pac. 1108, as follows:

"Nor did the court err in charging the jury that the defendant might be convicted of an assault with intent to commit rape. The information charged the defendant with the specific offense of rape. That charge necessarily included an assault with intent to commit rape. The higher crime includes the lesser. The offense charged was but the aggregation of the criminal assault. The crime of rape cannot be perpetrated without first committing an assault. The assault always precedes the completed offense of rape. These things are so under our statute. Section 4495, Rev. St. (similar to Idaho C. S., sec. 8606.). Where the crime of rape is perpetrated upon a female under the age of consent, the assault is committed by the perpetrator wilfully or feloniously laying hands on her person with the design to carnally know her. In such case, whether or not the

female consents is immaterial. When, therefore, the defendant was charged with and tried for the completed offense of rape, it was competent for the jury, as provided in section 4893, Rev. St. (similar to Idaho C. S., sec. 8997), to find him guilty of that specific offense, or of an assault with intent to commit rape, as, in their judgment, the evidence warranted; and the court in so charging the jury committed no error. . . . . " (See, also, *People v. Babcock,* 160 Cal. 537, 117 Pac. 549; *People v. Parker,* 74 Cal. App. 540, 241 Pac. 401; *People v. Roach,* 129 Cal. 33, 61 Pac. 574; *State v. McLeavey,* 157 Minn. 408, 196 N. W. 645; *Pittman v. State,* 8 Okl. Cr. 58, 126 Pac. 696; *Gordon v. State,* 177 Ind. 689, 98 N. E. 627; *Snyder v. State,* 92 Ohio St. 167, 110 N. E. 644; *Sills v. State,* 36 Ga. App. 103, 135 S. E. 758; *Schang v. State,* 43 Fla. 561, 31 So. 346.)

[2, 3] The question is raised whether, in order to sustain a conviction of assault with intent to commit rape, the testimony of the prosecutrix must be corroborated. In this particular case there is corroboration, in the way of a statement made by appellant to the sheriff, at a time when appellant was confined in jail awaiting trial on the charge preferred against him, that he wanted to plead guilty. The admission of this testimony is complained of, on the ground that no proper foundation was laid and that there was no showing that the statement was made voluntarily. Such a statement borders closely on a confession, but we are inclined to view it as partaking more of an admission, the difference being that a confession is an outright acknowledgment in express terms, by a party in a criminal case, that he is guilty of the crime charged, while an admission is a statement by the accused of facts pertinent to the issue from which guilt may be inferred and which tends toward proof of the ultimate fact of guilt. (*State v. Stevens,* 60 Mont. 390, 199 Pac. 257; *People v. Ferdinand,* 194 Cal. 555, 229 Pac. 341.) The rule requiring a showing that a confession was voluntary and without promise of immunity or reward does not apply to mere admissions. (*People v. Camperlingo,* 69 Cal. App. 466, 231 Pac. 601;

*Wilson v. State*, 17 Okl. Cr. 47, 183 Pac. 613.) The admission of this testimony of the sheriff was primarily for the determination of the trial court; there is no suggestion that the statement was anything other than purely voluntary, and we are not disposed to hold its admission erroneous. (*State v. Andreason*, 44 Ida. 396, 257 Pac. 370.)

[4] It is urged that error was committed in permitting the prosecuting attorney to ask leading questions. This is a matter within the sound discretion of the trial court (C. S., sec. 8032), and in the absence of an abuse of discretion in this respect, its rulings will not be disturbed. (*State v. Simes*, 12 Ida. 310, 9 Ann. Cas. 1216, 85 Pac. 914; *McLean v. City of Lewiston*, 8 Ida. 472, 69 Pac. 478.)

[5] Certain instructions given to the jury, and the refusal to give an instruction requested by appellant, are assigned as error. When all of the instructions given are considered together, those complained of do not contain errors prejudicial to appellant, some of them being beneficial to him, for which he has no cause for complaint. The majority of the court is of the opinion that it was error not to give the requested instruction, that appellant might be found guilty of simple assault. (*People v. De Masters*, 105 Cal. 669, 39 Pac. 35.) While I concede that simple assault is an offense included within that with which appellant was charged and that of which he was convicted, I am not of the opinion that the trial court committed error in refusing to give the instruction requested, there being no evidence tending to reduce the offense to simple assault. (*People v. Chavez*, 103 Cal. 407, 37 Pac. 389.)

[6, 7] The court permitted the witness Olive Butler to testify to a conversation between the prosecutrix and her aunt, which took place some two or three weeks after the alleged act, in which the prosecutrix admitted having had sexual intercourse with appellant. In criminal trials for rape and assault with intent to ravish, the courts are unanimous in holding that it may be shown that the prosecutrix made complaint of the outrage soon after its commission, but details of the conversation are not admissible, and the

name of the person accused may not be given. (*State v. Fowler*, 13 Ida. 317, 89 Pac. 757; *State v. Black*, 36 Ida. 27, 208 Pac. 851.) The fact that the information was elicited from the witness by leading questions would not serve to remove its objectionable features.

[8, 9] Complaint is made of the action of the court in permitting the witness Olive Butler to testify to an alleged assault made upon her by appellant. The witness stated that she did not remember exactly when the assault was made but that it was sometime during the summer; that appellant came up and put his arms around her and made an improper suggestion, and she shoved him away; and that this conduct on the part of appellant was repeated on different occasions. This testimony was inadmissible, and prejudicial. It was in no way linked together with the offense for which appellant was on trial. There must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction. The general rule is, that when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his lifetime, wholly unconnected with that for which he is put upon trial, must be excluded. (8 R. C. L., p. 198, sec. 194.)

The judgment is reversed and the cause remanded for a new trial.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.