(No. 6360.   June 25, 1936.)

STATE, Respondent, v. LEORAN MACHEN, Appellant.

[58 Pac. (2d) 1246.]

W. A. Ricks, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was charged with and found guilty of the crime of statutory rape. He prosecutes this appeal from the judgment of conviction. Numerous errors are assigned upon which appellant relies for a reversal of the judgment.

The offense of which appellant was convicted is one among the most serious offenses known to our criminal law. We have given this case most careful consideration and due to the nature of the charge and the character of the proof upon the trial we have concluded that a new trial must be granted. We limit our discussion to what we have concluded constitutes prejudicial and reversible error which crept into the trial in the admission of certain testimony which showed appellant's guilt of offenses not charged in the information and which offenses were in no way linked together with the offense for which appellant was on trial. There was no causal relation or logical and natural connection between the act charged and the proof of other offenses, nor was the specific offense charged so linked together in point of time and circumstance with the other offenses that it could not be fully shown without proof of other offenses not charged. (*State v. Garney*, 45 Ida. 768, 265 Pac. 668; 8 R. C. L. 200, p. 206; *State v. Larsen*, 42 Ida. 517, 246 Pac. 313; *State v. Williams*, 36 Utah, 250, 103 Pac. 250.)

Section 18, art. 1, of the constitution guarantees to every person within this state that "right and justice shall be administered without sale, denial, delay or prejudice." This provision of the constitution does not mean simply the innocent but the guilty as well; that whoever he may be, justice shall be administered to him "without prejudice." In the case before us appellant was accused of raping, upon a specific date, a girl under the age of 18 years who by virtue of the statute was incapable of giving her consent to the act. Upon the trial the state was allowed to prove that appellant was guilty of other offenses of different character; not only that, but that his witnesses were guilty of offenses not associated with the crime for which appellant was being tried. When appellant was on the witness-stand the state was allowed to prove by him that he was a married man and then proceeded to prove by him that his wife h d two children, one born before their marriage and one very soon thereafter, creating at least a presumption that one was begotten out of wedlock. This like other testimony,

for instance that appellant was guilty of adultery at a time and place which had no bearing or connection with the offense for which he was being tried, indicated sexual digression which could not have failed to be prejudicial to appellant. Further testimony was elicited showing that one Ann with whom appellant had committed adultery was living in a basement apartment which had only one bed in it and that the officers went to the apartment one night and found the prosecutrix, Ann and appellant all in the same bed. This incident occurred approximately five months after the offense charged in the information was alleged to have been committed and we are of the opinion that under the circumstances and in view of the facts of this case such testimony was not admissible. No misconduct or act of lewdness such as would tend to prove the commission of the specific offense charged was shown by the fact that these parties were apprehended occupying the same bed. Appellant was charged with statutory rape and not with lewd and lascivious conduct, adultery or fornication. Even had the evidence shown appellant to have been clearly innocent of the offense charged in the information very possibly proof of the independent and unconnected offenses, such as adultery and fornication, and further that witnesses called in appellant's behalf were likewise proven guilty of other offenses, for instance Ann, who admitted having pleaded guilty to a felony, to wit: the offense of procuring medicine for prosecutrix to commit an abortion, and other matters of like character that crept into the record, would well account for the verdict of the jury. The admission in evidence of testimony of the character referred to convinces us that appellant did not have a fair and impartial trial. Since the cause must be remanded for a new trial further discussion of the evidence is unnecessary.

The judgment is reversed and remanded with instructions to the trial court to grant a new trial.

Morgan, Holden and Ailshie, JJ., concur.

Givens, C. J., concurs in the conclusion reached.