[Crim. No. 708.    Third Appellate District.—September 24, 1923.]

## THE PEOPLE, Respondent, v. JOHN BAPTISTE DEMARTINI, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT RAPE — INTENT—INTOXICATION—REQUESTED INSTRUCTION—REFUSAL OF—ABSENCE OF PREJUDICE.—In a prosecution for assault with intent to commit rape, the defendant was not prejudiced by the refusal to give an instruction requested by him, that if the defendant, "at the time of the alleged assault was in such a state of drunkenness or intoxication that he was incapable of forming an intent to ravish" the prosecutrix, "then defendant would not be guilty of assault with intent to commit rape," where such instructions

1.  What intoxication will excuse rape, note, 36 L. R. A. 479.

stated no proposition of law not covered generally by other instructions given, and where from the defendant's own testimony it appeared that he was not so drunk as to render him incapable of forming the specific intent necessary to constitute the crime charged.

[2] ID. — USE OF FORCE — REQUESTED INSTRUCTION — PROPER REFUSAL OF.—In such prosecution, where the prosecutrix was under the age of consent, a requested instruction that if the "prosecuting witness resisted the acts or advances of the defendant in any manner . . . and would have resisted any attempt to outrage her person and that the defendant knew or had reason to know this then . . . before the defendant can be found guilty . . . you must be satisfied . . . that the defendant was resolved to use all force necessary to carry out his designs," was properly refused.

[3] ID.—EVIDENCE—CONDITION AND APPEARANCE OF PROSECUTRIX.—In such prosecution, testimony of a neighbor relating to the physical condition of the prosecutrix when she reached his place immediately after the alleged commission of the crime, and similar testimony of her parents as to her condition and appearance when she reached home, to which she was immediately taken by the neighbor, was not inadmissible upon the ground that the facts related were too remote.

APPEAL from a judgment of the Superior Court of Calaveras County and from an order denying a new trial. J. A. Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Virgil M. Airola for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of assault with intent to commit rape and has appealed from the judgment of conviction and the order denying his motion for a new trial.

At the time of the alleged offense the defendant was of the age of sixty-six years and the prosecutrix fourteen. The prosecutrix testified that she was on her way to school in a cart when she came to a gate which the defendant proposed to open for her; that he then stepped to the rear of the cart, threw his arm around her, committed acts of undue familiarity and said he was going to have sexual intercourse

with her; that she "hollered" and struggled to get away from him, whereupon he placed his hand over her mouth and threatened to tie her with a chain which he was carrying; that she then slapped him in the face and, as he stepped back, jumped out of the cart and ran; that after running for some distance she looked back and saw that the defendant was following her; that she then threw off her hat and coat, which were later picked up by other witnesses, and ran on to a neighbor's place about a mile from the scene of the attack and that the neighbor took her home. This neighbor testified that she came to his place running and crying hysterically. It is not claimed that the evidence is insufficient to support the conviction.

It is contended that the court erred in refusing to instruct the jury that if the defendant, "at the time of the alleged assault was in such a state of drunkenness or intoxication that he was incapable of forming an intent to ravish the said ——, then defendant would not be guilty of assault with intent to commit rape." The court instructed the jury that "the intent to commit the rape is the vital element in this case, . . . and before you can convict the defendant it must appear that he intended to commit the act of sexual intercourse," and that "the burden is on the prosecution to prove . . . that the act was done with the requisite, specific intent." At defendant's request the court instructed the jury as follows: "Whenever the actual existence of any particular purpose, motive or intent, is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent, with which he committed the act. Evidence of drunkenness is only admitted for this purpose and may be considered by the jury as a fact bearing upon the question of the intent with which the act was done." While the proposed instruction, being a specific application of the law to the facts attempted to be established by the defendant, might well have been given, it states no proposition of law not covered generally by the instructions quoted. From the defendant's own testimony, however, it appears that he was not so drunk as to render him incapable of forming the specific intent necessary to constitute the crime charged. He testified in detail as to what occurred

between himself and the prosecutrix at the time of the alleged offense, admitting the truth of parts of her testimony and denying other portions. While he testified that he was drunk at that time, he further stated on the witness-stand: "I got most drunk after the girl jumped out. . . . I been drunk for a week, but I was not so crazy drunk when I was looking around the trap, but I kept drinking . . . after the girl left, then the liquor commenced getting worse and worse. . . . After the girl left, when I got this bottle and I commenced to drink, and it wasn't more than two hours after that I don't remember nothing." [1] Under all the circumstances it cannot be said that the defendant suffered prejudice from the refusal to give the proposed instruction.

[2] The court refused to instruct the jury that if the "prosecuting witness resisted the acts or advances of the defendant in any manner. . . . and would have resisted any attempt to outrage her person and that the defendant knew or had reason to know this, then . . . before the defendant can be found guilty . . . you must be satisfied . . . that the defendant was resolved to use all force necessary to carry out his designs." In view of the fact that the girl was under the age of consent, the proposed instruction is so manifestly erroneous that it is deemed sufficient to cite *People* v. *Roach*, 129 Cal. 33 [61 Pac. 574], and *People* v. *Babcock*, 160 Cal. 537 [117 Pac. 549].

[3] Appellant contends that it was error to permit the neighbor hereinbefore mentioned to testify as to the physical condition of the prosecutrix when she reached his place immediately after the alleged commission of the crime. This neighbor testified: "She was crying in a kind of hysterical way. She had her hat and coat off. . . . Her face was dirty. . . . She was running in there when she came out to where I was." The witness immediately took her home and her parents were permitted to give similar testimony as to her condition and appearance when she reached home. Appellant does not contend that such evidence was inadmissible except upon the ground that the facts related were too remote. There is no merit in the contention. (*People* v. *Benc*, 130 Cal. 159 [62 Pac. 404].)

The judgment and order are affirmed.

Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 24, 1923, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1923.