[Crim. No. 4936.   Second Dist., Div. Three.   Mar. 3, 1953.]

THE PEOPLE, Respondent, v. LEE WILLIE BEAL, Appellant.

Cary Glover Branch for Appellant.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

VALLÉE, J.—Defendant was charged in count I of an information with having accomplished an act of sexual intercourse with and upon Margaret, and in counts II and III with having commited the same offense upon Luressie. A jury convicted him of the offense charged in count I, and acquitted him of the offenses charged in counts II and III. He appeals from the judgment rendered and from the order denying his motion for a new trial.

As grounds for reversal defendant contends that: (1) the verdict is unsupported by the evidence; (2) the testimony of the complaining witness is inherently improbable; (3) the court did not adequately instruct the jury on circumstantial evidence; (4) the court erred in the admission of evidence; (5) the district attorney was guilty of prejudicial misconduct.

The complaining witness, a girl 13 years of age, testified that on the night of April 16, 1952, she "had intercourse" with defendant while they were in the rear seat of an automobile; he pushed her on the seat and then she was forced to have intercourse with him after she was down on the seat; defendant pushed the legs of her panties aside; it lasted about five minutes; it hurt; this was the first time she ever had "sexual intercourse"; defendant "raped" her. There was evidence from which the jury could infer that the complaining witness was not the wife of the defendant. Defendant was 19 years of age. This was sufficient evidence to warrant the jury in concluding that defendant had sexual intercourse with the complaining witness as charged, and that she was not the wife of the defendant. (*People* v. *Stangler*, 18 Cal.2d 688, 690 [117 P.2d 321]; *People* v. *Owsley*, 76 Cal. App.2d 166, 171 [172 P.2d 561]; *People* v. *Vicencio*, 71 Cal. App.2d 361, 365 [162 P.2d 650].)

In his closing argument, the district attorney made the following statements to the jury: "Ladies and Gentlemen, I assure you, I have been a prosecutor for 20 years. When I first entered the District Attorney's Office, a very distinguished gentleman, now dead, who was Chief Deputy, caused me to read some cases from the Supreme Court of the United States, to read the Constitution of the United States, the Bill of Rights, and the Supreme Court of California as to the duties of a prosecutor. Every one of the higher courts, the Constitution, everything in the records; the law says that a prosecutor shall at all times be fair, shall go down the middle of the road and shall not take sides, that this defendant there is his client, and his duty to the defendant comes first to the

duty of anybody else, because he is the attorney for all the people. I assure you on my word of honor, I am an old man now; some day soon I have got to meet a higher Judge than any Judge here, and I am confident as I stand here I have never in my life prosecuted an innocent man. If there is the slightest doubt in my mind, and remember I have more records than you have on these cases. There is lots of evidence that we are not permitted to bring before a jury. I would not, I am not obligated to, and I am forbidden to prosecute any man whom I have first not investigated on my own part and convinced myself of his guilt. The law says that I must give him the benefit of the doubt before I ask anybody to do it.'' Counsel for defendant immediately asked the court to strike the statement, assigned it as misconduct, and asked the court to instruct the jury to disregard it. The court said: ''The motion is denied.''

That the argument of the district attorney was highly improper and constituted prejudicial misconduct compelling a reversal is not debatable. In the recent case of *People* v. *Kirkes*, 39 Cal.2d 719 [249 P.2d 1], the district attorney made substantially the same argument to the jury as was made in the present case. In holding that the argument was prejudicial and in reversing the judgment the court said (p. 723): ''It is well established that statements by the prosecuting attorney, not based upon legitimate inferences from the evidence, to the effect that he has personal knowledge of the defendant's guilt and that he would not conduct the prosecution unless he believed the defendant to be guilty are misconduct. [Citations.] 'There can be ho excuse for such comment.' [Citation.] The classic expression of the rule appears in this oft-quoted statement in *People* v. *Edgar*, 34 Cal.App. 459, 468 [167 P. 891]: 'When the district attorney declared that he would not prosecute any man he did not believe guilty he thereby wrongfully placed his personal opinion of the guilt of the defendant in evidence in the case. He was privileged to argue to the jury that it was his opinion formed from deductions made from the evidence adduced at the trial that the defendant was guilty of the crime charged (*People* v. *Rogers*, 163 Cal. 476 [126 P. 143]; but his declaration to the jury that he would not prosecute any man whom he did not believe to be guilty was tantamount to an assertion that he believed in the guilt of the defendant at the very inception of the prosecution; and necessarily such belief must have been founded upon the result of the district attorney's

original and independent investigation of the charge, and therefore in all likelihood was based, in part at least, upon facts which did not appear and which perhaps could not have been shown in evidence.'

"The latter portion of the quotation is especially pertinent here. Not only did the deputy district attorney state his belief in Kirkes' guilt, without which he would not have been associated with the prosecution; he also flatly stated that he knew of Kirkes' guilt 'prior to the time' that he entered the case. Such knowledge could not have been based upon inferences from the evidence presented. In effect, the prosecutor, who had just laid a foundation by showing his own excellent character and long years of public service, was testifying to the ultimate fact in issue without disclosing the source of his information. Such markedly unfair conduct cannot be condoned." (See, also, *People* v. *Hidalgo,* 78 Cal. App.2d 926, 938 [179 P.2d 102] ; *People* v. *Brown,* 81 Cal.App. 226, 241 [253 P. 735] ; *People* v. *Hale,* 82 Cal.App.2d 827, 832 [187 P.2d 121] ; *People* v. *Talle,* 111 Cal.App.2d 650, 673 [245 P.2d 633].) In the present case the district attorney was guilty of other improper conduct which it is not necessary to relate.

It has been said many times that a district attorney may strike hard blows, but he is not at liberty to strike foul ones. Here he struck foul ones. He told the jury he had never in his life prosecuted an innocent man; that there was not the slightest doubt in his mind as to the guilt of the defendant; that he had more "records" than the jury had; that he had "lots of evidence" that he was not permitted to bring before the jury; that before he began the prosecution he had convinced himself of the guilt of the defendant. And he prefaced these statements by saying he had been a prosecutor for 20 years, that he is an old man now, and that someday soon he is going to meet his creator.

The evidence, while sufficient to support a conviction, was weak. The act is claimed to have occurred in the rear seat of an automobile about 3:30 in the morning. The complaining witness, the defendant, and several girls and boys had been out since early evening. They had been to a canteen, to a party, to a dance, and had driven around for several hours. Shortly before the complaining witness says the act occurred they stopped the automobile. Some of the group had left. The complaining witness, the defendant, and two girls and two boys were in the automobile. Two girls and

two boys got out, leaving the complaining witness and the defendant in the rear seat. The complaining witness testified the act occurred at this time. She testified she had not had sexual intercourse before; that she did not bleed; and made no outcry. One of the girls who had left the car made considerable noise and a special officer appeared. She made no complaint to him. Because of the disturbance he called the police who arrived immediately. She made no complaint to them. They arrested the boys and girls and took them to a police station where they were kept the remainder of the night. It was not until the next morning when she was questioned by a policewoman that the complaining witness told that defendant had intercourse with her. She was examined by a physician the next morning. ▮ The prosecution did not produce the physician as a witness. There was no showing that he was not available. It is to be presumed that his testimony would not be corroborative of that given by the complaining witness. (*Julson* v. *Julson,* 110 Cal.App. 2d 797, 801 [243 P.2d 558].) ▮ The testimony of the complaining witness varied in several material particulars from the testimony she had given at the preliminary examination. The only corroboration of her testimony was evidence that she and defendant were left in the rear seat of the car for a short period of time. There was no direct evidence of penetration. There was no evidence of a ruptured hymen, or of the presence of semen, or even of an unusual appearance. The defendant at all times denied he had committed the act. There was no admission of any kind. The court found defendant is not a sexual psychopath. There was much evidence from which the jury could have concluded that there was a reasonable doubt of defendant's guilt.

The case is closely balanced. It is highly probable that the harmful effect of the misconduct turned the scales against the defendant. In such a case the misconduct compels a reversal.

The conclusion makes it unnecessary to consider the other points made by defendant.

The judgment and the order denying a new trial are reversed and the cause is remanded for a new trial.

Shinn, P. J., and Wood (Parker), J., concurred.