[Crim. No. 3055.   First Dist., Div. One.   Aug 3, 1955.]

THE PEOPLE, Respondent, v. HAROLD MILLER, Appellant.

Lloyd S. MacDonald, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted on three counts charging robbery, violation of section 211, Penal Code, defendant appeals from the judgment and from the order denying his motion for a new trial.

He claims the evidence is insufficient to identify him as the person who committed the offense charged in Count One, robbery during the evening of August 9, 1953, at a Lucky store situate at 2601 Telegraph Avenue, Oakland. A person who happened to be sitting in a car outside the store testified that he saw two men get out of a green 1950 Ford that had a dent in its right front door and go into the store. A few minutes later he saw them get back into the car and drive away. He memorized the license number on that car as it went past him. By means of that license number and the above description he later identified the car, and upon it the police found a palm print which was identified as the defendant's. Defendant argues that the lighting was insuf-

ficient to enable the witness to make the identification but that does not appear as a matter of law. The witness said that although it was dark the store lights were on and that he did see. It was a question of fact for determination by the jury. There were additional circumstances which also tended reasonably to connect defendant with the commission of the offense. There is not a sufficient basis for a reviewing court to disturb the verdict on the first count.

Count Three charged robbery, October 3, 1953, of a Safeway store at 40th and Telegraph in Oakland. Defendant was identified by two clerks who worked at that store and were present at the time of the robbery. Defendant questions the credibility of their testimony. One clerk said that the shorter of the two men who held up the store was about 5 feet 7 inches tall and wore a plaid suit. Asked on cross-examination if defendant is that man, the witness said he "looks like him," and "I believe so, yes." Again asked as to the height, he said the man was about 5-8, or 5-9; did not believe he could have been over 5 feet and 10 or 11 inches. The other clerk identified defendant as the shorter of the two men and said he was about 5 feet 10 inches and he wore an Eisenhower-type jacket—"I believe brown check," a brown and white check. Here, says the defendant, are discrepancies in the testimony of these two witnesses so great as to render them unworthy of belief. We do not so view it, as a matter of law. Estimates of a man's height are but approximate and the same jacket might honestly be described as a plaid by one man and a check by another. Also, when a witness says "I believe" or "I think so" he is not necessarily guessing. (*Weingetz* v. *Cheverton,* 102 Cal.App.2d 67, 72-74 [226 P.2d 742].) It is evidence in the case to be weighed by the trier of the facts, not by a reviewing court.

The clerk who positively identified the defendant in court was shown two photos which he recognized as pictures of a police line-up which he saw at the city hall about a week or a week and a half after the robbery. Asked upon cross-examination where defendant was in the line-up he said "I believe he was the second one," not on the end. One picture showed defendant at the extreme left of the line; the other, next to the man at the end. It is apparent from the photographs that they were taken from different positions in the room. Also they were taken at different times because the relative positions of some of the men in line are not the same in each photo. Manifestly, the absence of one of the men (the person at the

left end) from one of the photos does not deprive the witness' testimony of its evidentiary quality, for evaluation by the jury, not by a reviewing court.

■ Defendant claims error in the admission of certain testimony. Over objection that it was hearsay, an officer who investigated the robbery charged in Count Three testified that at the store he was given a license number by one of the clerks. It was written upon a slip of paper which the clerk gave him. He put that license number in the report he made of the investigation. He was permitted to read that license number, from the report, into evidence. This was inadmissible hearsay, erroneously allowed in evidence. It is true that the clerk testified he saw the get-away car, observed its license number, wrote that number on a piece of paper, and gave the paper to the police officer, but he did not, on the witness stand, say what the license number was. Obviously, the officer did not use the report ''to refresh his memory respecting a fact'' (permissible under Code Civ. Proc., § 2047). Not having seen the car at the time of the get-away he could have no ''memory'' of its license number. Although error, we believe it was not prejudicial error, particularly in view of the testimonial identification of defendant as one of the offenders. The mere narration of a license number did not add materially to the clerk's testimony that he saw defendant get into an automobile and drive away.

■ Defendant complains of the admission of testimony narrating certain statements which defendant made after his apprehension in Los Angeles, a few days after the commission of the third offense charged. Those statements were that he lived in San Francisco until October 7, 1953 (thus placing him in the vicinity of the robberies) and that the gun found in the car was his (there was testimony that in one of the robberies the shorter of the two men carried a gun). This, plainly, was admissible hearsay, admissions against interest.

■ In the glove compartment of defendant's car a piece of paper was found which bore several street addresses in Oakland and Berkeley, each the address either of a Lucky or of a Safeway store. One of them, ''2601 Tel,'' was the address of the store which was the scene of the robbery charged in Count One. This evidence was relevant and material as tending to show a circumstance which tended to connect defendant with that robbery. It was not necessary to prove that the addresses on the piece of paper were written by defendant or

that he knew he had it. The presence of the paper in the glove compartment of his car was the significant factor.

Defendant asserts error in the failure of the prosecution to produce as a witness at the trial a certain person who, testifying at the preliminary examination, said he could not identify the defendant. In answer to that we observe that no such facts appear in the record upon this appeal and that even if they did they would not present a ground for reversal.

The judgment and the order appealed from are affirmed.

Peters, P. J., and Bray, J. concurred.