[Crim. No. 4199. First Dist., Div. Three. June 6, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ANDREW
CRAYTON, Defendant and Appellant.

Benjamin M. Davis and George Duke for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granducci, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of sale of heroin (Health & Saf. Code, § 11501). He was sentenced to prison, and appeals from the judgment.

Error is asserted only in claimed misconduct of the prosecutor. We find no merit in these claims.

In his opening argument, the deputy district attorney twice said "we rely upon the testimony" of the officer who, as an undercover agent, purchased the heroin from defendant. The statement was made after elements of the crime had been outlined, and the prosecutor had asked "What is it that we rely upon to establish these things to your satisfaction?" Obviously, he was not asserting a personal belief in the reliability of the witness, which is proscribed (*People v. Perez*, 58 Cal.2d 229, 245 [23 Cal.Rptr. 569, 373 P.2d 617]).

Rather, he was legitimately explaining the burden of the prosecution, and indicating the evidence offered to meet that burden. There was no misconduct (*People v. White*, 212 Cal.App.2d 464, 465 [28 Cal.Rptr.67]).

At the close of his opening argument, the prosecutor said, "there is a lot more that I want to say but I must be restricted." Of course, an assertion that the People had evidence not produced at trial would be improper (*People v. Beal*, 116 Cal.App.2d 475 [254 P.2d 100]). The questioned statement contained no such assertion. The argument as a whole emphasized that the jury could consider only the evidence. In this context, it is apparent that the prosecutor considered himself "restricted" as to time, rather than content of his argument. Counsel's failure to object indi-

cates that he took the same view at that time. If there be error, it could have been corrected by admonition. Thus the failure to object bars raising the issue on appeal (*People v. Rosoto,* 58 Cal.2d 304, 357 [23 Cal.Rptr. 779, 373 P.2d 867]).

 In arguing the credibility of the officer, the prosecutor did twice suggest that he could be prosecuted for perjury if he had misstated the facts. The argument might well be better left unsaid. However, it did not remotely approach, as in the case cited by defendant (*Cooper v. State,* 120 Neb. 598 [234 N.W. 406]), a suggestion that the jury, if it found defendant not guilty, would be convicting the officer of perjury. Defense objections to both statements were promptly sustained (no admonition was requested), and in light of the entire record we find no prejudice.

 Finally, defendant points to a colloquy which followed an objection by his attorney, based upon the mistaken ground that the prosecutor's question assumed something not in evidence. At the close of an exchange on this subject, the prosecutor said "We are starting right off." Extending the utmost sympathy to sensitivity, we can find nothing derogatory to counsel or prejudicial to his client in this comment. In any event, the court admonished the jury to disregard it.

Judgment affirmed. Appeal from order denying new trial dismissed.

Salsman, J., and Devine, J., concurred.