[Crim. No. 15187.   Second Dist., Div. Four.   Mar. 19, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ODELL CHESTER SCOTT, Defendant and Appellant.

David Ravin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with rape (Pen. Code, § 261, subd. 3); two prior convictions for burglary (Pen. Code, § 459), were alleged. Defendant pled not guilty; the prior convictions were admitted. Trial by jury was had; defendant was found guilty; probation was denied; defendant was sentenced to state prison for the term prescribed by law.

Appeal was filed from the judgment and from the order denying the motion for a new trial.[1]

On the evening of October 20, 1967, at about 11 p.m., Miss W., age 23, was leaving her car to visit a friend when she saw defendant walking down the street. Apartments 1 and 2 were located off the same porch and the porch area was lighted. Miss W. rang the bell to apartment 2 but received no response.

Defendant was opening the door to apartment 1, and, as Miss W. started to walk around him, defendant pulled her into his apartment by the top front of her coat and dress. Miss W. screamed and resisted, defendant closed the door behind her, and told her to remove her clothes. She refused and defendant hit her so hard she became unconscious. Miss W. next remembered finding herself naked on the floor, and defendant was performing an act of sexual intercourse with her. Miss W. tried to push defendant away, defendant ejaculated, got off her, and started hitting her with a bottle. He hit her with his fist and choked her when she screamed. Defendant sent Miss W. to the bathroom to rinse the blood and she felt teeth missing and a tooth hanging.

Finally, defendant allowed her to get dressed, he drove her to her uncle's house, and there she called the police and her boyfriend. Defendant stayed in the car for awhile and then he knocked on the door. Miss W. hid in the closet until her boyfriend and the police arrived.

The prosecutrix's father took her to the hospital. Her jaw was broken and a total of four teeth were lost because of the blows. She had previously had sexual intercourse with two men, and had borne a son by one of them.

Defendant was arrested October 30, 1967; he was informed of his rights and he said he understood them.

Defendant was informed of the charge against him and the address at which it took place. Defendant responded that he lived at that address, apartment 1, but he moved out on the 20th, had turned in his key on the 21st, and that he "didn't care to make any further statement other than that."

A lineup was arranged, defendant was asked if he wanted an attorney at the lineup, he said he did, and a deputy public defender was present during the lineup. The prosecutrix identified defendant as her assailant from among the people in the lineup.

---

[1]The order denying the motion for new trial is not appealable. (Pen. Code, § 1237.)

776

I

██ Defendant argues that the evidence was insufficient to support the verdict. Defendant asserts that "a woman can pick at random, any 'man' she desires to accuse of such an offense and have him committed to prison on the strength of her testimony." ██ There need be no more than one witness to sustain a conviction of rape. This is the type of offense, where, by its very nature, there is frequently no other witness than the prosecutrix. (*Ballard* v. *Superior Court* (1969) 64 Cal.2d 159, 171-172 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *People* v. *Guy* (1961) 191 Cal.App.2d 714, 721 [13 Cal.Rptr. 17].)

██ Moreover, the victim's testimony in the case at bench was corroborated. Statements made by the victim shortly after the rape may be admitted to show lack of consent and to corroborate her story (*People* v. *Hubbell* (1942) 54 Cal.App. 2d 49, 63-66 [128 P.2d 579]), and in this case the victim of the rape told her father about the rape shortly after her escape. Additionally, testimony concerning the physical condition of the rape victim after the occurrence has also been admitted to corroborate her story. (*People* v. *Demartini* (1923) 63 Cal.App. 747, 750 [219 P. 1045].) In the instant case the father of the victim testified that, when his daughter returned home, she was holding her face, two of her teeth had been knocked out and her mouth was bleeding. There was also testimony that the victim's jaw had been broken and her dress had been ripped.

██ Defendant argues that there was no evidence of penetration. The victim, a 23-year-old woman, who had once had a child, testified that an act of sexual intercourse had taken place, and that she knew what sexual intercourse was. This was sufficient evidence of penetration. If there was any doubt as to whether penetration occurred, defendant's counsel should have pursued that question further. (See *People* v. *Branch* (1926) 77 Cal.App. 384 [246 P. 811.])[2]

Defendant also asserts that the prosecution did not call to the stand the physician who examined the victim and that it must therefore be presumed her testimony would be uncorroborated. Defendant cites the case of *People* v. *Beal* (1953) 116 Cal.App.2d 475 [254 P.2d 100], which held that where the prosecution failed to produce as a witness the physician who

[2]Overruled on another point in *People* v. *Burton* (1961) 55 Cal.2d 328, 352 [11 Cal.Rptr. 65, 359 P.2d 433].

examined the victim shortly after the alleged rape, and it did not appear that the physician was unavailable, it must be presumed that the doctor's testimony would not be corroborative of the victim's testimony. ■ The rule in *People* v. *Beal, supra,* is limited to its particular factual situation and does not change the general rule that the failure of the prosecution to put on testimony of the attending physician in a rape case is not error where defendant knew of the evidence and could have put it on himself. (*People* v. *Sullivan* (1950) 101 Cal.App.2d 322, 326 [225 P.2d 645].) The case of *People* v. *Wein* (1958) 50 Cal.2d 383, 403 [326 P.2d 457], analyzed the opinion in the *Beal* case as follows: ". . . the reversal in the *Beal* case did not turn directly on the failure to call the physician. The court found that certain statements of the prosecuting attorney [in *Beal*] were highly improper. To show how this misconduct was prejudicial, the court looked to the even balance of the evidence. It was in this context that it stated the presumption."

In the case before us the court is not faced with misconduct of the prosecuting attorney or other serious error and therefore *Beal* would not apply.

## II

■ Defendant contends that reversible error occurred as a result of Officer Collins' testimony that defendant "said he didn't care to make any further statement other than that [he had moved out of the apartment on West Pico Boulevard on October 20]." Defendant's counsel objected to the remark "that he didn't care to make any further statement" on the grounds that it infringed on his right to remain silent. Defense attorney moved for a mistrial. The court asked defendant personally if he wanted a mistrial and defendant said he did not know what his rights were. After a recess defendant's counsel said: ". . . I have discussed the matter fully with my client, explaining to him the effect of a motion for mistrial, should the motion for a mistrial be granted, and the fact that if it should be granted, it would result in a resetting of the case and a plea of double jeopardy could not be entered because the jury had been discharged pursuant to motion of the defendant.

"For the record, my client refuses to join in the motion."

The motion for a mistrial was denied and the court admonished the jury: ". . . the statement alleged to have been made by the defendant in the presence of the witness, Mr.

Charles E. Collins, 'He said he didn't care to make any further statement than that,' shall be disregarded by you and shall not be considered in any way to affect the position of the defendant in this case, or as any kind of an admission on his part.

"You are instructed to disregard it completely."

Defendant's arguments that the jury could not divorce defendant's remark from their consideration of guilt is not well taken. Whether or not the remark by Officer Collins was error justifying a mistrial (a matter we do not determine) it was expressly and intelligently waived by defendant after consultation with his counsel. Once waived, the matter cannot be revived in this court.

### III

■ Defendant claims that he was inadequately represented by counsel because counsel failed to advise him of his rights on the mistrial motion. The portion of the record above quoted shows otherwise; defendant's attorney told the court that he explained the effect of a mistrial to defendant, including the fact that it would not raise the question of double jeopardy. Defendant received a vigorous and diligent defense from his attorney and he has no valid complaint in this regard.

The judgment is affirmed; the appeal from the order denying a new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.