THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO SANTIAGO GONZÁLEZ, Defendant and Appellant.

No. CR-68-210. Decided March 26, 1969.

*Julio García Antique* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

· . A jury ·found appellant· guilty of seven violations of § 260 of the Penal Code, 33 L.P.R.A. § 966 (Corruption of Minors), for having committed lewd acts upon the persons of his daughters Emilsa and Lourdes Santiago Figueroa, 9 and 7 years old, respectively. He was sentenced to serve concurrently from three to five years in the penitentiary in each case.

He assigns on appeal that the trial court erred (1) in permitting the prosecuting attorney to comment, in the presence of the jury, on nonadmissible evidence and in failing to grant a motion for mistrial requested by the defense; and (2) in failing to duly instruct the jury as to character evidence.

1.—In the case at bar, after the two prosecutrixes testified in relation to the acts allegedly committed by their father upon them, the girls' mother and defendant's wife was called to the witness stand by the prosecuting attorney. In the absence of the jury, the defense .objected to this lady's testimony, invoking the prohibition of law in the sense that a wife cannot be examined against her husband ·when she is not the prejudiced party. Section 40 of the Law of Evidence, 32 L.P.R.A. § 1734. The judge sustained the objection and did not permit the wife to testify at the trial.

Appellant correctly states that:

"The prosecuting attorney, in his opening statement indicated to the ladies and gentlemen of the jury, that he would seek to establish defendant's guilt of the facts charged against him through the testimony of the presumptive prosecutrixes in this case, Lourdes and Emilsa Santiago Figueroa, in addition to the testimony of Aurora Santiago Figueroa, the girls' mother. After the prosecuting attorney had offered the testimony of said girls and after the latter were amply cross-examined by the defense, he called his next witness, Aurora Santiago Figueroa, the girls' mother and the lawful wife of defendant-appellant in this case. The defense moved for the withdrawal of the jury and objected to the prosecuting attorney's intention. The

defense cited, in part, subdivision (1) of § 402 [*sic*] of the Law of Evidence, 32 L.P.R.A. § 1734.

" . . . . . . .

"The court sustained the contention of the defense and indicated that the wife could not testify as to any essential point of the case.

"After the evidence for the defense was presented, the prosecuting attorney, this time in the presence of the jury, and notwithstanding the foregoing ruling of the court, addressed the latter as follows:

'We insist again on our petition to the court to permit defendant's wife to testify.'

"The court immediately denied the petition and then, in the absence of the jury, invited the prosecuting attorney and granted him time to convince the court of the legal basis of his petition. Four days later, when the proceeding was resumed, the prosecuting attorney did not raise any question to the court in relation to his petition."

When the prosecuting attorney commenced his rebuttal, the following incident arose:

"MR. FELICIANO:

I mean, there is objection to that, Your Honor, the prosecuting attorney cannot refer, in his argument, to witnesses who appear on the reverse of the information and who have not testified.

JUDGE:

Reference cannot be made to them even if they could have testified, if they have not testified.

PROSECUTING ATTORNEY:

We have not said, Your Honor, about what she could have testified.

MR. FELICIANO:

See, Your Honor, he has spoken about why she has not testified.

JUDGE:

Let him speak.

PROSECUTING ATTORNEY:

. . . but merely because there is a provision of law which precludes said witness from being brought to the witness stand.

MR. FELICIANO:

See, Your Honor, what the prosecuting attorney seeks to do.

JUDGE:

Even so, he cannot. The prosecuting attorney has already stated that this offense does not require corroboration, and so, up to that,

Proceed, prosecuting attorney.

PROSECUTING ATTORNEY:

(He continues with his argument.)

MR. FELICIANO:

I mean, there is objection to that, Your Honor.

JUDGE:

Objection sustained.

MR. FELICIANO:

I am going to move for a mistrial . . .

JUDGE:

Denied.

MR. FELICIANO:

. . . because I understand that the prosecuting attorney's remark prejudices the party we represent. Notice, Your Honor, that the prosecuting attorney has tried to introduce certain evidence which is inadmissible, he has commented on the inadmissible evidence in relation to these facts.

JUDGE:

Let us communicate to the jury that the only photograph that should be taken into consideration in weighing the evidence is the photograph which the prosecuting attorney has and which was offered and admitted in evidence, no other.

The prosecuting attorney may continue.

MR. FELICIANO:

Let the motion for mistrial appear in the record in this case.

JUDGE:

It is in the record."

Later on the judge denied a special instruction to the jury requested by the prosecuting attorney on "the privilege which precludes spouses to testify against each other."

In synthesis, during the trial the prosecuting attorney made reference to the mother of the prosecutrixes as a witness for the prosecution, on the following occasions:

(1) In his opening statement.

(2) When said lady appeared in court escorted by the marshal. At that moment the defense requested the withdrawal of the jury. Then, it objected to the witness because she was precluded from testifying against her husband, the appellant, objection which was sustained by the court.

(3) At the close of the evidence for the defense when the prosecuting attorney insisted again, in the presence of the jury, that appellant's wife be permitted to testify, petition which was denied by the court.

(4) In his rebuttal, when the prosecuting attorney again made reference to a witness which appears on the reverse of the information and who has not testified "merely because there is a provision of law which precludes said witness from being brought to the witness stand." The objection to this reference was sustained.

But the jury was not instructed in any manner whatsoever, to prevent it from inferring, from the last intent of the prosecuting attorney to offer the testimony of the mother and the fact that it was impossible, pursuant to provisions of law, to bring her to the witness stand, that said testimony was important, that it corroborated that of the prosecutrixes, and tended to confirm appellant's guilt.

■ It is a well-settled rule that in addressing the jury, it is unlawful to comment on evidence not admitted during the course of the trial and that it is prejudicial to defendant's rights unless it is cured by a warning or instruction of the judge to the jury. Under certain conditions such statements may not be cured by instructions. *People* v. *Marchand,* 53 P.R.R. 640, 648 (1938). Applying this rule, we said in *People* v. *Orona Merced,* 89 P.R.R. 329 (1963) that it was improper

for the prosecuting attorney actually to inform the jury that the testimony of a witness whom he did not present because it was cumulative evidence and who after being put at the disposition of the defense was waived by it, corroborated the testimony of other witnesses for the prosecution.

In *People* v. *Rosenfeld*, 183 N.E.2d 656 (N.Y. 1962) the admission of some spools of tape recording was denied. The prosecuting attorney, after referring on several occasions to such spools, told the jury on summation, that as to a certain conversation there were not only the two witnesses who had it, but also the Minifon, that is, the tape recording obtained through a device secreted on the body of one of them and whose admission had been denied. The Court of Appeals of New York stated that said references "could not fail to produce on the jury the impression that the defense counsel had kept from the jury a third and indisputable witness whose testimony would have been most damaging to the defendants."

In *People* v. *Beal*, 254 P.2d 100 (D.C.A. Cal. 1953) it was stated that the misconduct of the prosecuting attorney upon informing the jury that "he had never in his life prosecuted an innocent man, that there was not the slightest doubt in his mind as to the guilt of the defendant, that he had more 'records' than the jury had, that he had lots of evidence that he was not permitted to bring before jury," constituted an error which required the reversal of judgment.

In *State* v. *Montgomery*, 251 S.W.2d 654 (Mo. 1952), appellant complained that the State's attorney, in his argument to the jury, in discussing defendant's history and past record, made reference (1) to the "F.B.I. Hoover Sheet" which showed that defendant was also guilty of "breaking out of jail", fact which had not been established; (2) to the testimony of two policemen which was inadmissible because it was hearsay evidence; and (3) as to how the two alibi witnesses secured permission to get into the city jail to see

defendant and he found out that they secured it by lying to the city officials just as they lied in their testimony before the jury; the foregoing fact not having been established at the trial. The court concluded that such statement of the state's attorney was improper and that the trial court erred in permitting it, for which reason the judgment was reversed and a new trial was ordered.

 Like in the aforecited cases, we conclude that the statement of the prosecuting attorney in his rebuttal in this case was improper and substantially prejudicial to appellant and that the trial court should have given specific instructions to the jury to avoid any inference adverse to appellant resulting from said statement. The trial court erred in failing to do so. The fact that appellant did not request such instructions does not imply that he waived them and that he cannot raise the question before us, since the error impairs defendant's substantial rights. *People* v. *Del Valle*, 91 P.R.R. 167, 172 (1964).

2.—The instruction objected to in relation to character evidence was the following:

"In this case, defendant offered proof of good reputation. I want to indicate that defendant may, in support of his defense, present evidence of the good reputation he enjoys in the community where he lives, which refers to such traits of his character as are involved in the offense charged against him. It is less probable that a person who has a good reputation commit an offense than one who does not. However, these rules do not mean that if you reach the conclusion that defendant is guilty, beyond reasonable doubt, of the offenses charged against him you should acquit him by reason that he enjoys a good reputation in the community where he lives."

 It is true that this instruction does not adjust with absolute accuracy to the rule established in *People* v. *Negrón Vélez*, 96 P.R.R. 408 (1968), since it actually covers only the second aspect of said rule, that is to say, that character evi-

dence is introduced for the purpose of creating a reasonable doubt. However, from its language, the jury could infer that said evidence, considered together with the rest of the evidence, could create a reasonable doubt, and that the same could be considered irrespective of whether the effect of the rest of the evidence admitted was clear or doubtful. So that we cannot conclude, as appellant argues, that this instruction caused him such prejudice that for that reason only we should reverse the judgment in this case.

In view of the foregoing we must reverse the judgment rendered in this case and remand the case for a new trial.

Mr. Chief Justice Negrón Fernández and Mr. Justice Blanco Lugo concur in the result.